**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

BEVERLY LOUGH,

               Plaintiff,

v.

                                          CIVIL ACTION NO.: 1:19CV139
                                          (KLEEH)

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

## <u>REPORT AND RECOMMENDATION</u>

### I.    Introduction

This case arises from the denial of Plaintiff, Beverly Lough's ("Plaintiff") application for Title II Disability Insurance Benefits ("DIB").  After Plaintiff's application proceeded through the administrative process, United States Administrative Law Judge, William Stanley ("ALJ"), concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  Plaintiff's request for review by Appeals Council was denied, making the ALJ's decision the final decision of Defendant.  Plaintiff seeks judicial review of Defendant's decision.

The undersigned has considered the parties' briefs and the record on appeal.  The facts and legal arguments have been adequately presented.  Accordingly, the decisional process would not be significantly aided by oral argument. Therefore, the recommendations of the undersigned are set forth below.

## II.      Factual/Procedural History

Plaintiff filed her application for Title II disability benefits ("DIB") on or about January 26, 2016 and alleged disability beginning on January 8, 2016.  R. 226.  In her application, Plaintiff alleged disability because the following conditions: irritable bowel syndrome, post-traumatic stress disorder (PTSD), chronic abdominal pain, depression, sphincter of Oddi disease, and fatigue.  R. 245.  Plaintiff's application was denied initially and upon reconsideration.  R.157-61; 163-65.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on January 23, 2017.  The hearing occurred on May 3, 2018.  R. 168-69; 57.  Following the hearing, the ALJ issued an Unfavorable Decision.  R. 54-69.  Ms. Lough requested review of this decision, but her request was denied by the Appeals Council on May 24, 2019, making the ALJ's decision the final decision of the Commissioner.  R. 1-7.

Plaintiff filed her Complaint on July 19, 2019.  ECF No. 1.  Defendant filed his Answer on September 25, 2019.  ECF No. 8.  On the same date, Defendant filed a certified copy of the Social Security Administrative Record.  ECF No. 9.  On October 24, 2019, Plaintiff filed her Motion for Summary Judgment and Memorandum in Support.  ECF No. 11 and 12.  According to her brief, Plaintiff claims that her digestive issues, bladder issues, and mental health issues render her disabled pursuant to the Social Security Act.  ECF No. 12, pgs. 1-4.  Defendant filed his Motion for Summary Judgment and Memorandum in Support on November 18, 2019.  ECF Nos. 13 & 14.

## III.     ALJ Decision

### A.  The Five-Step Evaluation Process

In determining whether Plaintiff is disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520.  The first step in the process is to determine whether a claimant is currently engaged in substantial gainful activity.  § 404.1520(b).  If the

claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. § 404.1520(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). § 404.1520(d). If impairment meets or equals a listed impairment, the claimant is disabled. *Id.* However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (hereinafter "RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments. § 404.1520(e). After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. § 404.1520(f). If the claimant does not have the RFC to do his past relevant work, then he has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's age, education, and work experiences. § 404.1520(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

### B. ALJ Findings

Initially, the ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020. R. 59. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 8, 2016, the alleged onset date. R. 59-60. At step two, the ALJ determined that Plaintiff has the following severe

3

impairments: irritable bowel syndrome, sphincter of oddi dysfunction, pancreatitis, interstitial cystitis, overactive bladder, major depressive disorder, post-traumatic stress disorder, and anxiety disorder.  R. 60.  However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).  R. 60-63.

> The ALJ next determined that Plaintiff has the following residual functional capacity:

> to perform light work as defined in 20 CFR 404.1567(b) except no climbing ladders, ropes or scaffolds.  The [Plaintiff] must avoid concentrated exposure to vibration.  [Plaintiff] is limited to low stress occupations defined as no assembly line work, no fast-paced production requirements, no more than occasional changes in work routine or work setting, and little independent decision making or goal setting.  The workplace must be located within 100 feet of a restroom facility.

R. 63-67.  The ALJ concluded that Plaintiff is unable to perform any past, relevant work.  Considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, which include Cashier II (DOT 211.462-010), Ticker Cashier (DOT 211.467.018), and Fast Food Worker (DOT 311.472-010).  The ALJ, therefore, concluded that Plaintiff has not been under a disability as defined in the Social Security Act from January 8, 2016 through the date of the ALJ's decision, which is July 17, 2018.  R. 67-69.

## IV.   Motions for Summary Judgment

### A.   The Standards

#### 1.   Summary Judgment

Summary Judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  All inferences must be viewed in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but…must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### 2.    Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence."  42 U.S.C. § § 405(g), 1383(c)(3).  "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (internal citations and quotations omitted).  The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence."  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted).  The ALJ's decision must be upheld if it is supported by "substantial evidence."  42 U.S.C. § § 405(g), 1383(c)(3).  "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), *overruled by implication on other grounds by Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

With these understandings, the arguments raised on appeal are discussed in turn.

B.     **Arguments of the Parties**

1.     **Plaintiff's Arguments**

Plaintiff argues that the ALJ committed reversible error by failing to properly evaluate the opinion of Plaintiff's counselor, Marimar Weeks.  Specifically, Plaintiff contends that: (1) there is no evidence that the substance of Ms. Weeks's opinion was given only as an accommodation to Plaintiff; (2) support for Ms. Weeks's opinions exists in the "numerous pages" of treatment records from Hillcrest; and, (3) the ALJ failed to consider the factors enumerated by Social Security's own regulations, which include the length and frequency of treatment with Ms. Weeks, the consistency of Ms. Weeks's opinion with other evidence, the degree to which Ms. Weeks presented evidence to support her opinion, how well Ms. Weeks explained her opinion, and Ms. Weeks's medical specialty.

Plaintiff further argues that the ALJ committed reversible error by failing to recognize the severity of Plaintiff's physical conditions and their effect on her ability to sustain competitive employment.  Plaintiff argues that the RFC set forth by the ALJ did not properly take into account all of the factors with which Plaintiff suffers on a daily basis.  Plaintiff maintains that significant evidence supports a more restrictive RFC, which considers Plaintiff's need to lie down to relieve her abdominal pain, her urgency and frequency of her need to use the restroom, and potential for accidents.

2.     **Defendant's Arguments**

Defendant argues that the ALJ properly discounted the opinion of Ms. Weeks because Ms. Weeks's opinion is "extreme."   Defendant also argues that that Ms. Weeks is a nurse practitioner and not a physician.  Defendant further notes that Ms. Weeks's opinion was expressed via a check-mark form, and that the opinions expressed on that form starkly contrasted with Ms.

Weeks's own records. Notwithstanding, Defendant notes that the ALJ did consider some of Plaintiff's mental impairments when determining Plaintiff's RFC.

Defendant further argues that the ALJ was not required to evaluate Ms. Weeks's opinions in accordance with the factors set forth in 20 CFR § 404.1527 because the factors cited by Plaintiff apply only to opinions from acceptable medical sources. Because Ms. Weeks is a nurse practitioner, she is not an "acceptable medical source" under the regulations. *See* 20 CFR § 404.1513.

Finally, Defendant argues that the ALJ's RFC assessment incorporated all exertional limitations supported by the Record and accepted by the ALJ, and that substantial evidence supports the ALJ's determination.

### C.    Discussion

#### 1.    Marimar Weeks

The ALJ's evaluation of Ms. Weeks's opinions is as follows:

> The undersigned gives little weight to the opinion expressed [ ] Marimar Weeks, NPC (22F). This checklist-style form appears to have been completed as an accommodation to the claimant and includes only conclusions regarding functional limitations without any rationale for those conclusions, beyond her diagnoses. A diagnosis alone is not sufficient to assess the intensity and persistence of the claimant's symptoms (*see* 20 CFR 404.1529(c)). The undersigned finds this evidence has little probative value because the objective evidence does not support it. Accordingly, the evaluation is given little weight.

As noted above, Plaintiff takes three (3) positions with respect to the ALJ's assessment of Ms. Weeks's opinion: (1) there is no evidence that Ms. Weeks filled out the medical source opinion form as an accommodation to Plaintiff and that she did so without support; (2) evidence in support of Ms. Weeks's opinions can be found in Plaintiff's records from Hillcrest; and (3) in assessing Ms. Weeks's opinions, the ALJ failed to consider the factors enumerated in the Social Security Administration's own regulations. For the reasons set forth below, the undersigned would agree

7

that the ALJ should have considered the factors enumerated in 20 CFR §404.1527 [Aug. 24, 2012] when evaluating Ms. Weeks's opinion.  There is no evidence or indication that he did so.  As a result, and as will be explained more fully below, the undersigned believes that this matter should be remanded for more findings with respect to Ms. Weeks's opinion, and in accordance with SSR 06-03p [Aug. 9, 2006].[1]

Before discussing the applicability of the factors listed in 20 CFR § 404.1527 [Aug. 24, 2012] to the sources presented during these social security proceedings, it is important to understand the difference between "other medical sources" and "acceptable medical sources" for purposes of that section.  "Acceptable medical sources" are typically the following: licensed physicians (medical or osteopathic doctors); licensed or certified psychologists; licensed optometrists; licensed podiatrists; qualified speech-language pathologists (for purposes of establishing speech or language impairments only).  20 CFR § 404.1513(d) [Sept. 3, 2013]. Acceptable medical sources: (1) are necessary to establish the existence of a medically determinable impairment; (2) are the only sources that can give medical opinions; and (3) are the only sources that can be considered treating sources as defined in 20 CFR 404.1502 and 416.902, or whose opinions can be given controlling weight.  *Id.  See also* SSR 06-03p, 2006 WL 2329939, at *2.

"Other medical sources" include but are not limited to medical sources who are not acceptable medical sources, such as nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists.[2]  20 CFR § 404.1513(d) [Sept. 3, 2013].  *See also* SSR 06-03p, 2006, WL 2329939, at *2.  While evidence from "other

---

[1] For purposes of this Report and Recommendation, when the undersigned refers to a CFR section or SSR, he is referring to those versions in effect when Plaintiff filed her application.

[2] Those sources considered "other sources" are also identified in this section; however, they have not been listed for the sake of brevity and because they are not relevant to our considerations.

medical sources" is not generally accorded the weight that evidence from "acceptable medical sources" is given, evidence from "other medical sources" can be used to show the severity of an individual's impairment(s), and to show how those impairments affect the individual's ability to function.  SSR 06-03p, 2006 WL 2329939, at *2.  Ms. Weeks is a nurse practitioner; thus, her opinion is an opinion from an "other medical source" per 20 CFR § 404.1513(d) [Sept. 3, 2013].

For cases prior to March 27, 2017, which includes the instant matter, 20 CFR § 404.1527 [Aug. 24, 2012] did not explicitly set forth criteria for how to evaluate opinions and other evidence from "other medical sources" as defined in 20 CFR 404.1513(d) and 416.913(d).  The CFR did, however, set forth criteria to be used when evaluating opinions from acceptable medical sources. SSR 06-03p, issued August 9, 2006, bridged the gap left in 20 CFR § 404.1527 [Aug. 24, 2012] by directing that the same factors used in evaluating the opinions of acceptable medical sources could be applied to opinion evidence from "other medical sources" who are not "acceptable medical sources".[3]  SSR 06-06p, 2006 WL 2329939, at * 4 ("[a]lthough the factors in 20 CFR 404.1527(d) explicitly apply only to the evaluation of medical opinions from "acceptable medical sources," these same factors can be applied to opinion evidence from "other sources").  As Plaintiff has correctly observed, those factors include: (1) how long the source has known and how frequently the source has seen the individual; (2) how consistent the opinion is with other evidence; (3) the degree to which the source presents relevant evidence to support an opinion; (4) how well the source explains the opinion; (5) whether the source has a specialty or area of expertise related to the individual's impairment(s); and (6) any other factors that tend to support or refute the

---

[3] These criteria are also applicable to opinions from other nonmedical sources; however, this is not discussed as it is not relevant for our purposes.  Additionally, 20 CFR § 404.1527 has since been amended to incorporate the findings made in SSR 06-03p, and was effective March 27, 2017.

opinion. *Id.* at *4.[4]   Tellingly, SSR 06-03p states that "[t]hese factors represent basic principles that apply to the consideration of all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources,' such as teachers and school counselors, who have seen the individual in their professional capacity." *Id.* at *4.

While not addressed specifically by the Fourth Circuit, both the Eighth and Tenth Circuits held that proper application of SSR 06-03p calls for the ALJ to sufficiently explain the weight given to opinions from "other medical sources" so that a subsequent reviewer can follow the ALJ's reasoning. *See Bowman v. Astrue*, 511 F.3d 1270, 1275 (10th Cir. 2008).  *See also Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007).   Stated otherwise, the professional opinion from an "other medical source," i.e. a nurse practitioner, may outweigh the opinion of an "acceptable medical source."   SSR 06-03p.   Therefore, before such an opinion can be properly discounted, it is incumbent on the ALJ to explain the consideration and the weight assigned the opinions of other medical sources, such as a nurse practitioner.   The ALJ failed to do so here.

A review of the ALJ's opinion reveals no evidence that the ALJ considered any of these factors when he considered Ms. Weeks's opinion concerning Plaintiff.   Rather, from the single paragraph devoted to Ms. Weeks's assessment, it appears that the ALJ considered only the medical source opinion form and nothing else vis-à-vis Ms. Weeks or the treatment she provided to Plaintiff.   In particular, the ALJ failed to discuss how long and how frequently Ms. Weeks treated Plaintiff, whether her opinions were consistent with any other evidence in the record, the degree to which Ms. Weeks presented relevant evidence to support her opinion, how well she explained her opinion, and whether Ms. Weeks has a specialty or area of expertise related to Plaintiff's

---

[4] Importantly, the SSR opinion cautions that not every factor for weighing opinion evidence will apply in every case. It is possible that an opinion from a medical source who is not an acceptable medical source may outweigh the opinion of the acceptable medical source.  *See id.* at *5.

impairment. Each of these items would have been relevant to the assessment of not only Ms. Weeks's opinion, but also of the assessment of the ALJ's conclusion regarding the same.[5] Without this information, the undersigned cannot engage in a meaningful evaluation of either. As a result, it is recommended that this matter be remanded to the ALJ for further findings regarding Ms. Weeks's opinion, as set forth in SSR 06-03p.

### 2.     ALJ's RFC Assessment

Defendant next argues that significant evidence supports a more restrictive RFC - one that would consider Plaintiff's need to lie down to relieve her abdominal pain, her urgency and frequency or restroom usage, and the potential for accidents that would require her to change clothes during the workday. Defendant contends that the ALJ's decision does not adequately reflect Plaintiff's conditions and limitations and is therefore not supported by substantial evidence.

Although Defendant's arguments concerning the ALJ's RFC assessment appear to relate only to Plaintiff's digestive and bladder problems and not to Plaintiff's mental conditions, the undersigned nevertheless believes that any consideration of the ALJ's RFC assessment must necessarily come after the ALJ's findings regarding Plaintiff's expert, i.e. Ms. Weeks, have been fleshed out as set forth more fully above. If the Court were to conduct an evaluation of the ALJ's RFC assessment before the remand was accomplished, the Court would be evaluating an incomplete and non-final opinion. This would be inappropriate. 42 U.S.C.A. § 405(g); 20 C.F.R. § 404.900(b). Therefore, the undersigned recommends remanding this case to the ALJ for further findings regarding Ms. Weeks's opinion prior to making any evaluation regarding the ALJ's RFC assessment.

---

[5] It cannot be said that there is no evidence in the Administrative Record concerning Ms. Weeks's treatment of Plaintiff. To the contrary, Ms. Weeks's treatment notes are contained within the various records from Hillcrest Outpatient Services.

## V.      Recommendation

 Accordingly, and for all of the foregoing reasons, the undersigned **RECOMMENDS** that rulings on Plaintiff's and Defendant's Motions for Summary Judgment be **DEFERRED** and this matter **REMANDED** to the ALJ for further findings as set forth above.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

**A copy of such objections should be submitted to the District Judge of Record. <u>Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation</u>. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).**

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.   The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 27th day of April 2020.

 /s/ James P. Mazzone_____
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE